## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MORRIS L. PRATT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-CV-0736-CVE-FHM** |
| | ) | |
| **INTERNAL REVENUE SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION AND ORDER

Now before the Court is plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and

Supporting Affidavit (Dkt. # 2). A supporting affidavit is attached to the motion as required by 28

U.S.C. § 1915(a). In reliance upon the representations and information set forth in plaintiff's

motion, the Court finds that the motion should be granted. Plaintiff is entitled to file this action

without prepayment of fees or costs.

However, federal courts are courts of limited jurisdiction, and there is a presumption against

the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir.

2005); Penteco Corp. Ltd. P'ship – 1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th

Cir. 1991). Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of

federal subject matter jurisdiction. McNutt v. Gen. Motors Acceptance Corp. of Indiana, Inc., 298

U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts,

according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The

burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court

has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not

raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation

to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally when considering the allegations of his complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff's complaint does not allege any basis for federal subject matter jurisdiction and, regardless of plaintiff's pro se status, the Court can not permit plaintiff to proceed with the lawsuit if the Court lacks subject matter jurisdiction over his claims.

Plaintiff has sued the IRS for an adjustment of a current levy on his payroll account. Dkt. # 1. However, the Tenth Circuit has held that the IRS is not an entity capable of being sued. Abell v. Sothen, 214 F. App'x 743, 751 (10th Cir. 2007)(unpublished)[1]. A suit purporting to bring claims against the IRS is deemed to be a suit against the United States. Id. The Court finds that it lacks subject matter jurisdiction to hear plaintiff's claims, because the United States has not waived its sovereign immunity as required for suits to challenge tax assessments or levies.

The Internal Revenue Code (IRC) precludes taxpayers from prematurely filing civil claims in federal district court, until the prescribed administrative procedures have been completely followed. The IRC states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person

---

[1]      Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

against whom such tax was assessed." 26 U.S.C. § 7421(a). Instead, the IRC provides an administrative remedy for any taxpayer who wishes to protest the validity or amount of any tax assessment by the IRS. Before the IRS can engage in any action to enforce a tax lien or levy against a taxpayer's property, the IRS must provide notice of its intentions to the taxpayer and allow the taxpayer an opportunity to request a hearing, called a collection due process hearing (CDP hearing). See id. § 6330(b). When a taxpayer requests a CDP hearing, the IRS must immediately halt all collection and enforcement activities until the IRS Office of Appeals rules on the taxpayer's claim. Id. § 6330(e). Once these procedures are completed, if the taxpayer is still displeased with the IRS's decision to assess a tax, the taxpayer can appeal the Office of Appeals ruling to the United States Tax Court or, in some cases, federal district court. Id. § 6330(d).

These procedures are the sole mechanism for a taxpayer to challenge a tax assessment by the IRS, unless the taxpayer wishes to pay his taxes before filing a claim for a tax refund in the district court. 26 U.S.C. § 7422(a); 28 U.S.C. § 1346(a)(1); United States v. Dalm, 494 U.S. 596, 1364-65 (1990). Plaintiff's claim against the IRS is construed as one against the United States. Dalm recognized that, under the doctrine of sovereign immunity, the United States can not be sued by a taxpayer for a tax refund or to challenge a tax liability, unless the procedures of the IRC are followed. The administrative procedures outlined by 26 U.S.C. §§ 7421 and 7422 constitute an express but limited waiver of sovereign immunity for taxpayers to pursue their grievances against the United States. See Berrey v. Asarco, Inc., 439 F.3d 636, 643-44 (10th Cir.2006).

Thus, plaintiff may not continue with his claim against the IRS in federal court but, upon dismissal of his claim, he may pursue the appropriate administrative relief to redress his alleged grievances regarding taxes assessed against him. The Court lacks subject matter jurisdiction to hear plaintiff's claim challenging a tax levy by the IRS.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2) is **granted**, and that plaintiff's case is **dismissed** for lack of subject matter jurisdiction.  A separate judgment of dismissal is entered herewith.

**DATED** this 22nd day of November, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT